**FILED**
**Oct 07, 2019**
**08:04 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | |
|---|---|
| Elman Gonzales,<br>　　　　　Employee,<br>v.<br>Smoky Mountain Resort Services,<br>　　　　　Employer,<br>And<br>Ohio Security Insurance Co.,<br>　　　　　Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2019-03-0360<br><br>State File No.: 65055-2017<br><br>Judge Thomas Wyatt |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case came before the Court on October 2, 2019, for an Expedited Hearing. The issue was whether Elman Gonzalez produced sufficient evidence to establish that his hernias arose primarily out of and in the course and scope of employment. For the reasons below, the Court holds that Mr. Gonzalez did not prove that his hernias are work-related and is not entitled to benefits at this time.

### History of Claim

Mr. Gonzalez worked maintenance at Smoky Mountain Resort Services. He testified that on August 22, 2017, he experienced disabling pain from his belly button into his groin when he and two co-workers lifted a heavy dumpster to reposition it.[1] Mr. Gonzalez had no physical restrictions or similar pain before he lifted the dumpster.

Mr. Gonzalez reported his injury to Smoky Mountain and underwent emergency treatment. Doctors placed him off work for several weeks. He returned to Smoky Mountain in November 2017 and worked intermittently until December 2018, when allegedly he could no longer work due to pain from his work injury.

---

[1] The co-workers corroborated Mr. Gonzalez's account of the injury.

During the hearing, Mr. Gonzalez focused on his treatment problems.[2] He claimed the emergency room doctor diagnosed a hernia and prescribed surgery. He selected Dr. Roy Frank Roberts at University General Surgeons from a panel; however, he saw providers at UGS other than Dr. Roberts at first. Mr. Gonzalez testified that these providers attributed his pain to other sources. Mr. Gonzalez stated he eventually saw Dr. Roberts, who was angry that he was not told that he had an umbilical hernia. He testified that Dr. Roberts told him the hernia was inoperable but would probably require surgery in three to four months.

The UGS records indicate on his initial visit that a physician noted he did not find a mass when he palpated the area where Mr. Gonzalez reported pain. Later, another UGS physician reviewed a CT scan of Mr. Gonzalez's abdomen, which showed a tiny umbilical hernia that was unchanged from a CT scan performed a few days after the injury. That physician could not palpate a mass confirming the CT finding and wrote that the hernia was not the cause of Mr. Gonzalez's reported pain. He diagnosed a rectus muscle strain.

The UGS notes documented that Mr. Gonzalez saw a nurse practitioner on October 5. She concurred with previous diagnoses and released him to return to work with restrictions. Mr. Gonzalez returned to UGS two weeks later reporting sharp pain on resuming work, especially lifting. The physician he saw again noted that he could not digitally locate a hernia.

Around this time, Mr. Gonzalez began receiving treatment on his own from Mountain Hope Good Shepherd Medical Clinic. On November 2, 2017, he saw a physician's assistant, who noted Mr. Gonzalez's complaints of abdominal pain. The provider documented his suspicion of "possible umbilical hernia with noted left inguinal hernia" and recommended that Mr. Gonzalez see a surgeon. He returned two weeks later with the same complaints. The physician's assistant noted that Mr. Gonzalez experienced extreme pain with deep palpation. However, the physician noted only mild pain of unknown cause when he examined Mr. Gonzalez. He stated that Mr. Gonzalez should try losing weight to alleviate his pain before considering surgery.

Mr. Gonzalez saw the physicians at Mountain Hope often over the next fifteen months, reporting continuing abdominal and groin pain. The records document recommendations for surgical consultations but do not contain any opinion addressing whether his conditions arose primarily out of and in the course and scope of his employment.

---

[2] Although the Dispute Certification Notice certified temporary disability issues for adjudication, Mr. Gonzalez stated he only wanted to get treatment so he could get well and return to work.

Mr. Gonzalez's next documented medical treatment for abdominal pain occurred January 3, 2019, at the LeConte Medical Center emergency room. He reported abdominal pain and asked for a "recheck" of his umbilical hernia. He was placed on a no-lifting restriction and discharged to see a physician for follow-up care.

Mr. Gonzalez returned to UGS on February 7 for authorized treatment. He reported worsening pain that reached a significant level when he stood or exerted himself. Dr. Roy Frank Roberts examined Mr. Gonzalez and noted he was very tender on palpation. He also identified a bulge in his left groin, which he diagnosed as an inguinal hernia needing surgical repair.

On March 7, Mr. Gonzalez met with Dr. Roberts to discuss causation of his inguinal hernia. Dr. Roberts informed Mr. Gonzalez that he could not causally connect the inguinal hernia to work because of the fifteen-month gap between his last treatment for the umbilical hernia and the visit where the inguinal hernia was identified. Dr. Roberts also told Mr. Gonzalez that numerous non-work-related factors can cause inguinal hernias. Dr. Roberts's report indicated he left the room when Mr. Gonzalez accused him of lying.[3]

## Findings of Fact and Conclusions of Law

At an expedited hearing, Mr. Gonzalez must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Resolution of the present issue turns on whether Mr. Gonzalez proved that he suffered work-related hernias.

Generally, an injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Establishment of causation requires medical expert opinion "[e]xcept in the most obvious, simple and routine cases." *Willis v. All Staff*, No. M2016-01143-SC-R3-WC, 2017 Tenn. LEXIS 455, at *13 (Workers' Comp. Panel Aug. 3, 2017).

The opinion of the treating physician selected by the employee from the employer's panel of physicians is presumed correct on the issue of causation, but this presumption is rebuttable by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E).

---

[3] Mr. Gonzalez testified he saw Dr. Roberts because Dr. Roberts had previously scheduled surgery that was cancelled after Mr. Gonzalez arrived at the hospital. He stated that Dr. Roberts called the police to escort him from the premises on March 7.

By statute, establishing causation of hernias requires medical expert opinion of the following:

(1) There was an injury resulting in hernia or rupture;
(2) the hernia or rupture appeared suddenly;
(3) it was accompanied by pain;
(4) the hernia or rupture immediately followed the accident; and
(5) the hernia or rupture did not exist prior to the accident for which compensation is claimed.

*See* Tenn. Code Ann. § 50-6-212(a).

Applying the law to these facts, the Court notes the fervency with which Mr. Gonzalez testified that his hernias occurred immediately upon lifting the dumpster at work. However, he cannot establish his right to benefits without supporting medical evidence. The medical records admitted into evidence contain no expert opinion that either Mr. Gonzalez's umbilical or inguinal hernias arose primarily out of and in the course and scope of employment. Only Dr. Roberts gave a causation opinion, which he limited to the inguinal hernia. He stated he could not relate it to Mr. Gonzalez's work activities for, among other reasons, he did not identify the hernia until many months after Mr. Gonzalez's reported injury. The records do show that Mr. Gonzalez was also diagnosed with a tiny umbilical hernia, but a physician stated that he did not believe the umbilical hernia accounted for Mr. Gonzalez's pain.

In view of the above, the Court holds that Mr. Gonzalez failed to present sufficient evidence to show that he will likely prevail at a hearing on the merits in establishing that his hernias resulted from a work injury. Therefore, the Court denies his requested benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Gonzalez's claim for medical benefits.

2. The Court schedules a Status Conference at **9:30 a.m. Eastern Time on January 8, 2020.** You must call 855-747-1721 (toll-free) or 615-741-3061 to participate. Failure to call might result in a determination of the issues without your further participation.

**ENTERED October 07, 2019.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits: The Court admitted the following exhibits into evidence and considered them unless indicated otherwise:

1. Affidavit of Elman Gonzalez
2. Notice of Denial
3. Affidavit of Cerise Knight with attachments (Wage Statement and attendance records)
4. Declaration of Joseph Bates with attachments (signed panel forms)
5. Records of University General Surgeons
6. Records of Mountain Hope Good Shepherd Medical Clinic
7. Records of LeConte Medical Center (January 3, 2019)
8. Records of Le Conte Medical Center (August 24, 2017, January 11, 2019)
9. Records of Mountain Hope Good Shepherd Medical Clinic (November 13, 2017)
10. Additional records of University General Surgeon—for identification purposes only (the Court sustained Smoky Mountain's objection that the records were not filed before the hearing)
11. Additional records of Mountain Hope Good Shepherd Medical Clinic—for identification purposes only (the Court sustained Smoky Mountain's objection that the records were not filed before the hearing)

Technical record: The Court considered the following:

1. Petition for Benefit Determination
2. Dispute Certification Notice

5

3. Request for Expedited Hearing
4. Notice of Expedited Hearing
5. Motion to Amend Name of Employer
6. Order amending name of Employer
7. Order requiring employer to provide interpreter
8. Employer Witness List
9. Employer Position Statement
10. Notice of Filing Declaration of Joseph Bates
11. Notice of Filing Affidavit of Cerise Knight

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on October 7, 2019.

| Name | Certified and U.S. Mail | Email | Service sent to: |
|------|------|------|------|
| Elman Gonzales Employee | X | X | Msalgado509@gmail.com 1226 Fair Valley Lane Sevierville, TN 37876 |
| Eric Shen Employer's Attorney | | X | Eric.shen@libertymutual.com Shelby.hale@libertymutual.com Effie.cozart@libertymutual.com |

**Penny Shrum, Court Clerk**
Wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

_____
**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge** _____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed                 To Whom

_____      _____

_____      _____

_____      _____

_____      _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____ .

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)

RDA 11082